UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL SMITH,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

                              /

Case No. 2:22-cv-11964

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
DECLINING TO ADOPT REPORT
AND RECOMMENDATION [21], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]**

Plaintiff April Smith filed suit and challenged the decision of Defendant Commissioner of Social Security to deny her application for disability insurance benefits. ECF 1; ECF 11-2, PgID 50–62 (finding that Plaintiff was not disabled during the relevant period of October 26, 2015 and March 31, 2021). After the Court referred the matter to Magistrate Judge David Grand, the parties cross-moved for summary judgment. ECF 15, 18, 20. The magistrate judge issued a Report and Recommendation (Report) and suggested that the Court grant Plaintiff's motion, deny Defendant's motion, and remand the case under 42 U.S.C. § 405(g). ECF 21, PgID 919–20. Defendant objected to the Report. ECF 24. For the reasons below, the Court will decline to adopt the Report, deny Plaintiff's motion for summary judgment, and grant Defendant's motion for summary judgment.

1

## BACKGROUND

The Report properly details the events leading to Plaintiff's action against Defendant, which challenged the decision of the administrative law judge (ALJ) who held a hearing, reviewed evidence, and made determinations on behalf of the Social Security Administration (SSA). ECF 21, PgID 920–24; ECF 11-2, PgID 50. And there was no objection to the background section. The Court will therefore adopt that part of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. The Court's standard of review depends on whether a party objects to the report. The Court need not review sections of a report to which no party objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

Individuals who receive an adverse final decision from the SSA may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the [SSA's] conclusions absent a determination that the [SSA] has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" so that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y*

*of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece of evidence in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

At issue is whether the ALJ erred by failing to incorporate his conclusion regarding Plaintiff's mental limitations in his residual functional capacity (RFC) analysis. The Court finds that the ALJ's determination regarding Plaintiff's mental impairment as it relates to her RFC was supported by substantial evidence.

Plaintiff argued in her motion for summary judgment that, "[h]aving credited [Plaintiff's] mental limitations to the extent of causing mild mental limitations in concentration, persistence or maintaining pace, the ALJ's decision does not address how this finding was reconciled with his RFC finding [of no mental limitations]." ECF 15, PgID 874. Thus, Plaintiff argued, the ALJ's RFC finding was unsupported by substantial evidence. *Id.* And the magistrate judge agreed. In his view, "identifying mental impairments as mild is no substitute for explaining why the RFC did not account for those impairments." ECF 21, PgID 927 (citing *Rodriguez v. Comm'r of Soc. Sec.*, No. 20-cv-13372, 2022 WL 4359541, at *3 (E.D. Mich. Sept. 20, 2022)). In

3

the magistrate judge's view, it is at best unclear whether the ALJ considered Plaintiff's mental limitations in his RFC assessment. *Id.* at 930.

Defendant objected to the Report and argued that the ALJ is not required to incorporate a detailed analysis of his mental impairment finding in the RFC analysis section of the ALJ's decision. ECF 24, PgID 945. Defendant argued that the ALJ properly considered Plaintiff's non-severe mental impairments as part of his review of the entire record. *Id.* at 946.

The Court agrees with Defendant. To begin, the Court is cognizant of the substantial evidence standard it must apply in favor of the ALJ's determination. *See Walters*, 127 F.3d at 528 (providing that a reviewing court "must affirm the [ALJ's] conclusions absent a determination that the [ALJ] has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record"). Applying that framework, the Court finds that the ALJ properly considered Plaintiff's mental impairments in completing the RFC assessment.

The ALJ found, as the statute requires, that Plaintiff had a "medically determinable mental impairment of anxiety" that "did not cause more than minimal limitation in [her] ability to perform basic mental work activities and was therefore non-severe." ECF 11-2, PgID 53; *see also* Social Security Act, 20 C.F.R. 404.1520(a) (establishing a five-step sequential evaluation process for determining whether an individual is disabled). The ALJ based his conclusion on the four "functional areas of mental functioning set out in the disability regulations for evaluating mental disorders." *Id.* (citing 20 C.F.R. 404, P appendix I). The four functional areas are: (1)

4

understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* at 54. The ALJ analyzed each functional area to "rate the severity of [Plaintiff's] mental impairments" and determined that because Plaintiff's mental impairment "caused no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it was non-severe." *Id.* Substantial evidence therefore supports the ALJ's finding that Plaintiff had mental impairments that were "mild" and "non-severe." ECF 11-2, PgID 53.

Plaintiff alleged that the ALJ "failed to incorporate mental limitations in the residual functional capacity assessment." ECF 15, PgID 870. Not so. The ALJ prefaced his RFC analysis by explaining that the "residual functional capacity assessment reflects the degree of limitation that [he] found in the [] mental functional analysis." *Id.* What is more, the very heading of the RFC section of the ALJ's decision begins: "After careful consideration of the entire record . . ." *Id.* at 55. In the RFC section, the ALJ emphasized that his RFC finding was based on "all symptoms" and repeated several of Plaintiff's specific mental capabilities and obstacles that the ALJ thoroughly analyzed in the prior mental functional analysis. *Id.* at 55–56. For example, the ALJ referenced Plaintiff's one-hour attention span, her limited socialization, her self-assessment "that she did not finish what she started," her panic attacks, and her anxiety. *Id.* at 56–57. The ALJ also noted that Plaintiff "attended church once per week," "reported that she followed instructions 'pretty well,'" and

5

"denied difficulty getting along with authority figures." *Id.* at 56. The ALJ also stated that his RFC assessment "reflects the degree of limitation the undersigned has found in the . . . mental functional analysis." *Id.* at 54. After a thorough review of Plaintiff's physical and mental impairments, the ALJ concluded that Plaintiff was capable of "sedentary level residual functional capacity." *Id.* at 59.

Contrary to Plaintiff's contention, ECF 15, PgID 870–75, the ALJ was not required to specifically discuss each non-severe impairment in the RFC assessment to demonstrate that the impairments were considered. *See Emard v. Comm'r of Soc. Sec.,* 953 F.3d 844, 851–52 (6th Cir. 2020); *Lennon v. Comm'r of Soc. Sec.*, No. 2:21-cv-12942, 2023 WL 2733382, at *6 (E.D. Mich. Mar. 31, 2023); *Plotkowski v. Comm'r of Soc. Sec.*, No. 2:20-cv-12011, 2022 WL 413371, at *6 (E.D. Mich. Jan. 18, 2022) ("[T]here is no [] requirement that the RFC must include restrictions reflecting a non-severe condition in the RFC."). Indeed, mild mental impairments need not be incorporated into an RFC assessment. *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-cv-11818, 2017 WL 3574694, at *6 (E.D. Mich. July 24, 2017) (citations omitted); *see also Phillips v. Comm'r of Soc. Sec.,* No. 3:22-cv-01144, 2023 WL 4078204, at *6 (N.D. Ohio Ap. 4, 2023) ("[M]ild limitations do not automatically mandate specific limitations in the RFC.") (citations omitted). Thus, even if the ALJ failed to adequately explain why and to what extent he considered Plaintiff's mental impairments in arriving at his RFC determination, he did not err.

To be sure, other courts in this district have found that an ALJ's failure to explain how a claimant's mild mental impairments affect the RFC determination can

6

constitute reversible error if the ALJ did not address the claimant's mental impairments in reaching his RFC determination. *Shamsud-Din*, 2017 WL 3574694, at *6 (citations omitted). But as noted, the ALJ specifically mentioned all of Plaintiff's mental impairments in his RFC analysis. What is more, the ALJ clearly stated that his determination was based on the entire record and all of Plaintiff's symptoms, mental and physical. ECF 11-2, PgID 56. The ALJ therefore did not err.

### ORDER

In sum, the Court will decline to adopt the magistrate judge's Report because it finds that the ALJ did not err in its consideration of Plaintiff's mental impairments under the RFC analysis. The Court will therefore affirm the ALJ's decision. The Court will also grant Defendant's motion for summary judgment, deny Plaintiff's motion for summary judgment, and close the case.

**WHEREFORE**, it is hereby **ORDERED** that the Court **DECLINES** to adopt the Report and Recommendation [21].

**IT IS FURTHER ORDERED** that the decision of the ALJ is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment

[15] is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: January 19, 2024