UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL SMITH,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

Case No. 2:22-cv-11964

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
DECLINING TO ADOPT REPORT
AND RECOMMENDATION [21], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]**

Plaintiff April Smith filed suit and challenged the decision of Defendant Commissioner of Social Security to deny her application for disability insurance benefits. ECF 1; ECF 11-2, PgID 50–62 (finding that Plaintiff was not disabled during the relevant period of October 26, 2015 and March 31, 2021). After the Court referred the matter to Magistrate Judge David Grand, the parties cross-moved for summary judgment. ECF 15, 18, 20. The magistrate judge issued a Report and Recommendation (Report) and suggested that the Court grant Plaintiff's motion, deny Defendant's motion, and remand the case under 42 U.S.C. § 405(g). ECF 21, PgID 919–20. The magistrate judge based its recommendation on the first of three grounds raised by Plaintiff in her motion for summary judgment. *See id.* at 925–26. Defendant objected to the Report, ECF 24, and Plaintiff responded, ECF 28. For the

1

reasons below, the Court will decline to adopt the Report, deny Plaintiff's motion for summary judgment, and grant Defendant's motion for summary judgment.

## BACKGROUND

The Report properly details the events leading to Plaintiff's action against Defendant, which challenged the decision of the administrative law judge (ALJ) who held a hearing, reviewed evidence, and made determinations on behalf of the Social Security Administration (SSA). ECF 21, PgID 920–24; ECF 11-2, PgID 50. And there was no objection to the background section. The Court will therefore adopt that part of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. The Court's standard of review depends on whether a party objects to the report. The Court need not review sections of a report to which no party objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

Individuals who receive an adverse final decision from the SSA may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the [SSA's] conclusions absent a determination that the [SSA] has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence consists of

"more than a scintilla of evidence but less than a preponderance" so that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece of evidence in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id*. (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

The Court will first explain why it declines to adopt the Report. The Court will also address the parties' objections to the Report. Then, the Court will discuss the second and third grounds raised in Plaintiff's motion for summary judgment.

I.   <u>Report and Objections</u>

At issue is whether the ALJ erred by failing to incorporate his conclusion regarding Plaintiff's mental limitations in his residual functional capacity (RFC) analysis. The Court finds that the ALJ's determination regarding Plaintiff's mental impairment as it relates to her RFC was supported by substantial evidence.

Plaintiff argued in her motion for summary judgment that, "[h]aving credited [Plaintiff's] mental limitations to the extent of causing mild mental limitations in concentration, persistence or maintaining pace, the ALJ's decision does not address how this finding was reconciled with his RFC finding [of no mental limitations]." ECF

3

15, PgID 874. Thus, Plaintiff argued, the ALJ's RFC finding was unsupported by substantial evidence. *Id.* And the magistrate judge agreed. In his view, "identifying mental impairments as mild is no substitute for explaining why the RFC did not account for those impairments." ECF 21, PgID 927 (citing *Rodriguez v. Comm'r of Soc. Sec.*, No. 20-cv-13372, 2022 WL 4359541, at *3 (E.D. Mich. Sept. 20, 2022)). In the magistrate judge's view, it is at best unclear whether the ALJ considered Plaintiff's mental limitations in his RFC assessment. *Id.* at 930.

Defendant objected to the Report and argued that the ALJ is not required to incorporate a detailed analysis of his mental impairment finding in the RFC analysis section of the ALJ's decision. ECF 24, PgID 945. Defendant argued that the ALJ properly considered Plaintiff's non-severe mental impairments as part of his review of the entire record. *Id.* at 946.

The Court agrees with Defendant. To begin, the Court is cognizant of the substantial evidence standard it must apply in favor of the ALJ's determination. *See Walters*, 127 F.3d at 528 (providing that a reviewing court "must affirm the [ALJ's] conclusions absent a determination that the [ALJ] has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record"). Applying that framework, the Court finds that the ALJ properly considered Plaintiff's mental impairments in completing the RFC assessment.

The ALJ found, as the statute requires, that Plaintiff had a "medically determinable mental impairment of anxiety" that "did not cause more than minimal limitation in [her] ability to perform basic mental work activities and was therefore

4

non-severe." ECF 11-2, PgID 53; *see also* Social Security Act, 20 C.F.R. 404.1520(a) (establishing a five-step sequential evaluation process for determining whether an individual is disabled). The ALJ based his conclusion on the four "functional areas of mental functioning set out in the disability regulations for evaluating mental disorders." *Id.* (citing 20 C.F.R. 404, P appendix I). The four functional areas are: (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* at 54. The ALJ analyzed each functional area to "rate the severity of [Plaintiff's] mental impairments" and determined that because Plaintiff's mental impairment "caused no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it was non-severe." *Id.* Substantial evidence therefore supports the ALJ's finding that Plaintiff had mental impairments that were "mild" and "non-severe." ECF 11-2, PgID 53.

Plaintiff alleged that the ALJ "failed to incorporate mental limitations in the residual functional capacity assessment." ECF 15, PgID 870; *see also* ECF 28, PgID 968–71 (arguing that the ALJ avoided addressing the limitations caused by Plaintiff's mental impairments). Not so. The ALJ prefaced his RFC analysis by explaining that the "residual functional capacity assessment reflects the degree of limitation that [he] found in the [] mental functional analysis." *Id.* What is more, the very heading of the RFC section of the ALJ's decision begins: "After careful consideration of the entire record . . ." *Id.* at 55. In the RFC section, the ALJ emphasized that his RFC finding

5

was based on "all symptoms" and repeated several of Plaintiff's specific mental capabilities and obstacles that the ALJ thoroughly analyzed in the prior mental functional analysis. *Id.* at 55–56. For example, the ALJ referenced Plaintiff's one-hour attention span, her limited socialization, her self-assessment "that she did not finish what she started," her panic attacks, and her anxiety. *Id.* at 56–57. The ALJ also noted that Plaintiff "attended church once per week," "reported that she followed instructions 'pretty well,'" and "denied difficulty getting along with authority figures." *Id.* at 56. The ALJ also stated that his RFC assessment "reflects the degree of limitation the undersigned has found in the . . . mental functional analysis." *Id.* at 54. After a thorough review of Plaintiff's physical and mental impairments, the ALJ concluded that Plaintiff was capable of "sedentary level residual functional capacity." *Id.* at 59. In sum, the ALJ adequately incorporated Plaintiff's mental impairments into the RFC analysis.

Plaintiff also argued that the ALJ failed to adequately explain *why* he did not account for any mental limitations in the RFC analysis. ECF 15, PgID 870–75; ECF 28, PgID 970–71 (citing *Rodriguez v. Comm'r of Soc. Sec.*, No. 20-cv-13372, 2022 WL 4359541, at *3 (E.D. Mich. Sept. 20, 2022)). But the ALJ was not required to specifically discuss each non-severe impairment in the RFC assessment to demonstrate that the impairments were considered. *See Emard v. Comm'r of Soc. Sec.,* 953 F.3d 844, 851–52 (6th Cir. 2020)[1]; *Lennon v. Comm'r of Soc. Sec.*, No. 2:21-

---

[1] Plaintiff argued that the Court should disregard Defendant's argument that the ALJ properly considered Plaintiff's non-severe mental impairments in the RFC because Defendant failed to raise that argument until its objections to the Report.

cv-12942, 2023 WL 2733382, at *6 (E.D. Mich. Mar. 31, 2023); *Plotkowski v. Comm'r of Soc. Sec.*, No. 2:20-cv-12011, 2022 WL 413371, at *6 (E.D. Mich. Jan. 18, 2022) ("[T]here is no [] requirement that the RFC must include restrictions reflecting a non-severe condition in the RFC."). Plaintiff cited *Rodriguez*, 2022 WL 4359541, at *3, for the proposition that identifying [mental] impairments as mild is no substitute for explaining why the RFC did not include any functional limitations stemming from the impairments. ECF 28, PgID 968. But *Rodriguez* is not binding authority, and other Courts in the Sixth Circuit have concluded that mild mental impairments need not be incorporated into an RFC assessment. *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-cv-11818, 2017 WL 3574694, at *6 (E.D. Mich. July 24, 2017) (citations omitted); *see also Phillips v. Comm'r of Soc. Sec.,* No. 3:22-cv-01144, 2023 WL 4078204, at *6 (N.D. Ohio Ap. 4, 2023) ("[M]ild limitations do not automatically mandate specific limitations in the RFC.") (citations omitted). Thus, even if the ALJ failed to adequately explain why and to what extent he considered Plaintiff's mental impairments in arriving at his RFC determination, he did not err.

To be sure, other courts in this district have found that an ALJ's failure to explain how a claimant's mild mental impairments affect the RFC determination can constitute reversible error if the ALJ did not address the claimant's mental impairments in reaching his RFC determination. *Shamsud-Din*, 2017 WL 3574694, at *6 (citations omitted). But as noted, the ALJ specifically mentioned Plaintiff's

---

ECF 28, PgID 971. But the Court must consider timely objections and "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C).

7

mental impairments in his RFC analysis. What is more, the ALJ clearly stated that his determination was based on the entire record and all of Plaintiff's symptoms, mental and physical. ECF 11-2, PgID 56. The ALJ therefore did not err.

II.  Additional Grounds

Plaintiff raised two other grounds in her motion for summary judgment. *See* ECF 15. The magistrate judge did not address either ground in the Report. *See* ECF 21, PgID 925–26 (explaining that "[b]ecause the Court is recommending remand on other grounds, it need not discuss in detail the merits of the[] [two additional] arguments"). As such, the Court will examine Plaintiff's remaining two grounds de novo.

    A.    *Dr. Greenlee's Evaluation*

First, Plaintiff argued that the ALJ failed to properly evaluate Dr. Jason Greenlee's medical opinion. ECF 15, PgID 856. Dr. Greenlee evaluated Plaintiff in 2019. *Id.* at 865. He concluded that she "can frequently lift up to [twenty] pounds and occasionally lift up to [fifty] pounds; can only sit for one hour without interruption and four hours in an [eight]-hour workday; *can stand for one hour without interruption and for four hours in an [eight]-hour workday*; and can walk for one hour without interruption and for one hour total in an [eight]-hour workday." *Id.* (citation omitted) (emphasis added). Dr. Greenlee also concluded that Plaintiff "can only occasionally push/pull with either of her hands" and "can occasionally climb ladders or stoop." *Id.* at 865–66. In all, Dr. Greenlee opined that Plaintiff could complete an eight-hour workday if she alternated between sitting and standing. *Id.* at 865.

8

After the ALJ's initial decision, the Appeals Council remanded for the ALJ to reconsider its decision because the ALJ's RFC finding was "inconsistent with Dr. Greenlee's findings that [] [Plaintiff] could only sit for a total of [four] hours in an [eight]-hour workday." ECF 11-3, PgID 149. The ALJ then issued a second decision and reiterated its previous finding, reasoning that Plaintiff "does not allege any significant difficulties with sitting that support the finding of an ability to sit for only four hours per day." ECF 11-2, PgID 60.

Plaintiff argued in her motion for summary judgment that the ALJ's second decision "is inconsistent with Dr. Greenlee's finding that [] [Plaintiff] is limited to sitting four hours in an [eight]-hour workday." ECF 15, PgID 876. She claimed that the ALJ's finding that Plaintiff did not allege any difficulty sitting was contradicted by the ALJ's own finding that Plaintiff complained of increased back pain with sitting. *Id.* Plaintiff argued that the ALJ therefore failed to comply with the Appeals Council's instructions to reconsider its finding in light of Dr. Greenlee's findings. *Id.* at 877.

Plaintiff's argument fails. The ALJ was not required to defer—wholly or in part—to Dr. Greenlee's medical opinion in reaching his RFC determination. *See Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015) (explaining that the ALJ is not limited to consideration of direct medical opinions on the issue of RFC). On the contrary, the ALJ must consider "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). And the ALJ—not the medical consultant—is "responsible for assessing [a claimant's] residual functional capacity." 20 C.F.R. § 404.1546(c). Here, the ALJ found that Dr. Greenlee's opinion was only "somewhat"

9

persuasive. ECF 11-2, PgID 59. The ALJ gave more weight to Dr. Greenlee's conclusions about Plaintiff's postural and environmental limitations than he gave to Dr. Greenlee's conclusions about other limitations because the latter were contradicted by the ALJ's examination of Plaintiff, in which Plaintiff demonstrated a normal gait and "full strength and range of motion," among other things. *Id.* at 59–60. And the ALJ did not err when he disregarded medical opinions that contradicted other evidence. *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155–56 (6th Cir. 2009) (appropriate for ALJ to exclude medical limitations or opinions that are inconsistent with objective medical data). Thus, the ALJ did not err in its reconsideration of Dr. Greenlee's testimony.

      B.     *Plaintiff's Subjective Complaints*

Second, Plaintiff argued that the ALJ failed to properly evaluate Plaintiff's subjective complaints. ECF 15, PgID 856. The Appeals Council initially remanded the case with instructions to reconsider Plaintiff's subjective complaints because the ALJ's first decision did "not provide an adequate symptom evaluation." ECF 11-3, PgID 150. Specifically, the Appeals Council instructed the ALJ to consider the seven factors from 20 C.F.R. § 404.1529(c)(3) and Social Security Ruling 16-3p "used when evaluating the intensity, persistence, and limiting effects of an individual's symptoms." *Id.* On remand, the ALJ found that Plaintiff's subjective complaints "concerning the intensity, persistence[,] and limiting effects of these symptoms are

10

not entirely consistent with the medical evidence and other evidence in the record." ECF 11-2, PGID 56.

Evaluating an individual's symptoms requires an ALJ to examine the entire record, including the individual's statements about the intensity, persistence, and limiting effects of the symptoms. 20 C.F.R. § 404.1529(c)(1)–(3). The ALJ should consider factors such as daily activities, the location and frequency of the symptoms, aggravating factors, effectiveness of medication, and more. *Id.* If an individual's subjective statements about his or her symptoms are inconsistent with the objective medical evidence, an ALJ must conclude that those symptoms are less likely to reduce the individual's ability to work. S.S.R. 16-3p ("[W]hen the results of tests are not consistent with other evidence in the record, they may be less supportive of an individual's statements about pain or other symptoms than test results and statements that are consistent with other evidence in the record."). Put simply, "[s]ubjective claims of disabling pain must be supported by objective medical evidence in order to serve as the basis of a finding of disability." *McCoy ex rel. McCoy v. Chater*, 81 F.3d 44, 47 (6th Cir. 1995) (citations omitted).

Plaintiff argued in her motion for summary judgment that the ALJ failed to address the factors identified by the Appeals Council. ECF 15, PgID 878. "While the ALJ discussed [Plaintiff's] testimony which touched on some of the factors, such as her need for help in conducting her activities of daily living[,] her statements regarding the side effects of her medication[,] and the efforts she makes to seek relief from pain, such as lying down[,] the ALJ failed to provide any specific reasons for

11

rejecting this testimony as directed by the Appeals Council." *Id.* at 879. And "because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the ALJ is required to address the regulatory factors. *Id.* at 880 (quotation marks and quotation omitted) (alterations omitted).

The Court disagrees. The ALJ reasonably explained that he did not rely on Plaintiff's subjective complaints about the intensity, persistence, and limiting effects of her symptoms because they were inconsistent with the objective medical evidence. ECF 11-2, PgID 56. For instance, the ALJ noted that Plaintiffs' repeated complaints of back, neck, and leg pain contradicted X-rays of her spine and knees showing either mild or no degeneration. *Id.* at 56–59. The ALJ also noted that Plaintiff's complaints of numbness in her lower and upper extremities were contradicted by diagnostic tests that showed abnormalities only in Plaintiff's upper body. *Id.* Similarly, the ALJ noted that Plaintiff's modes of treatment—which consisted of only medication and occasional physical therapy—remained conservative. *Id.* at 58–59. And a "conservative treatment approach suggests the absence of a disabling condition." *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013). The ALJ also noted that Plaintiff's daily activities, which included church attendance, shopping, and managing her finances, were not entirely consistent with her allegedly significant limitations. ECF 11-2, PgID 54–56. Taken together, the record shows that

the ALJ complied with the Appeals Council's instructions to consider the required regulatory factors. Plaintiff's argument must be overruled.

## ORDER

In sum, the Court will decline to adopt the magistrate judge's Report because it finds that the ALJ did not err in its consideration of Plaintiff's mental impairments under the RFC analysis. The Court will therefore affirm the ALJ's decision. The Court will also grant Defendant's motion for summary judgment, deny Plaintiff's motion for summary judgment, and close the case. The Court will also deny Plaintiff's motion for summary judgment on the two additional grounds raised in her motion.

**WHEREFORE**, it is hereby **ORDERED** that the Court **DECLINES** to adopt the Report and Recommendation [21].

**IT IS FURTHER ORDERED** that the decision of the ALJ is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [15] is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 5, 2024